IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ACUITY, A MUTUAL INSURANCE CO.,

        Plaintiff,

v.                      No. 1:17-cv-348

STEADFAST INSURANCE COMPANY,

        Defendant.

**COMPLAINT FOR DECLARATORY JUDGMENT
AND EQUITABLE SUBROGATION**

Plaintiff ACUITY, a Mutual Insurance Company ("ACUITY"), hereby brings this Complaint for Declaratory Judgment and Equitable Subrogation against Steadfast Insurance Company ("Defendant") and alleges as follows:

**THE PARTIES**

1. Plaintiff ACUITY, a mutual insurance company, is a foreign corporation with its statutory home office located in Wisconsin. ACUITY does business in the State of New Mexico and has complied with the registration laws of the State of New Mexico pertaining to corporations engaged in the insurance business.

2. Defendant Steadfast Insurance Company is a Delaware corporation with its principal place of business in Illinois. It may be served with a Complaint by serving the New Mexico Superintendent of Insurance.

**JURISDICTION AND VENUE**

3. This court has jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship as to all parties and the amount in controversy exceeds the sum of $75,000 as to each Defendant, exclusive of interest and costs. A substantial part of the events giving rise to this claim arose in the District of New Mexico. Venue is, therefore, proper in this Court pursuant to 28 U.S.C. § 1391.

## BACKGROUND

4. Battle Energy Services, LLC ("Battle"), was the Named Insured under an ACUITY automobile liability Policy (Policy No. X23907), attached hereto as Exhibit A ("ACUITY Policy"). The ACUITY Policy was in effect from September 1, 2012 to September 1, 2013 and imposed upon ACUITY a duty to defend Battle in the event of a covered loss and, in some instances, anyone for whom Battle assumed liability in an insured contract subject to various policy limitations as stated therein.

5. Battle was also the Named Insured under a Steadfast Insurance Company commercial general liability Policy (Policy No. GLO5501267-01), attached hereto as Exhibit B ("Steadfast Policy"). The Steadfast Policy was in effect from September 1, 2012 to September 1, 2013 and imposed upon Steadfast a duty to defend Battle in the event of a covered loss and, in some instances, anyone for whom Battle assumed liability in an insured contract subject to various policy limitations as stated therein.

6. The relevant ACUITY Policy is attached hereto as Exhibit A.

7. The relevant Steadfast Policy is attached hereto as Exhibit B.

8. Battle contracted with Devon Energy Production Co., L.P. ("Devon") to provide services to Devon on Devon's well sites in Southern New Mexico.

9. Devon and Battle were parties to a Master Services Agreement ("MSA") entered into on or about October 30, 2011, relevant portions attached hereto as Exhibit C.

10. The MSA "Indemnity-Defense" section provides that "[t]he parties recognize that in connection with the services, operations, and provision of goods, equipment, and facilities contemplated by this Agreement. . .." (Page 6 of 38):

> **CONTRACTOR'S [BATTLE'S] INDEMNITY OBLIGATIONS: CONTRACTOR AGREES TO DEFEND, INDEMNIFY, AND HOLD HARMLESS, AND RELEASE COMPANY GROUP [DEVON] FROM AND AGAINST ALL CLAIMS, LOSSES, DAMAGES, DEMANDS, CAUSES OF ACTION, SUITS, JUDGM ENTS, AND LIABILITIES OF EVERY KIND (INCLUDING ALL EXPENSES OF LITIGATION, COURT COSTS, AND REASONABLE ATTORNEYS' FEES FOR EXTERNAL COUNSEL), BROUGHT OR ASSERTED AGAINST COMPANY GROUP BY ANY PARTY WHOMSOEVER, DIRECTLY OR**

> **INDIRECTLY, ARISING OUT OF OR RELATED TO THIS AGREEMENT ... AND RESULTING FROM ANY CLAIM OF LOSS, DAMAGE, INJURY, ILLNESS, OR DEATH DESCRIBED IN SUBPARAGRAPHS S.B(l)(a) BELOW, REGARDLESS (EXCEPT AS EXPRESSLY PROVIDED HEREIN) OF WHO MAY BE AT FAULT OR OTEHRWISE RESPONSIBLE UNDER ANY OTHER CONTRACT, OR ANY STATUTE, RULE OR THEORY OF LAW, INCLUDING BUT NOT LIMITED TO THEORIES OF STRICT LIABILITY, AND EVEN THOUGH THE SUBJECT LOSS, DAMAGE, INJURY, ILLNESS, OR DEATH MAY HAVE BEEN CAUSED IN WHOLE OR IN PART BY: (1) THE SOLE, CONCURRENT, ACTIVE, OR PASSIVE NEGLIGENCE OF COMPANY GROUP OR A THIRD PARTY...OR (3) A DEFECT IN THE PROPERTY OR EQUIPMENT OF EITHER PARTY, INCLUDING BUT NOT LIMITED TO THOSE DEFECTS PRE-EXISTING THE EFFECTIVE DATE OF THIS AGREEMENT.**

Exhibit C at Page 7 [DVNGR1000413].

11. On or about May 23, 2013, a Battle employee, Fernando Flores, died in an accident in the course and scope of his employment at Devon's well site.

12. On the date of the incident, Battle was tasked with moving a Blow Out Protector ("BOP") off of the well head.

13. The moving a BOP off of the well head requires the use of an A-frame crane that is attached to a truck. The A-frame crane is extended and is attached to the BOP. The crane then lifts the BOP off of the well head and rotates to the side to place the BOP on the edge of the well site. The A-frame crane is then retracted and stowed away before the truck to which it is attached is moved from the site.

14. On May 23, 2013, Battle decided to use the A-frame crane to move the BOP to another well head, rather than lifting the BOP off the well head and placing it to the side of the site. Accordingly, the A-frame crane was still in use, extended, and hoisting the BOP when the truck started moving from one site to another.

15. Mr. Flores was walking next to the truck to spot any potential dangers when the extended A-frame crane struck overhead power lines and electrocuted Mr. Flores.

16. The Estate of Fernando Flores filed suit against many contractors on Devon's drill site and against Devon on June 27, 2013, Case No. D-101-CV-2013-01720, State of New Mexico, County of Santa Fe, First Judicial District (the "Litigation").

17. Devon tendered its defense to Battle pursuant to the MSA.

18. Battle then tendered Devon's defense to ACUITY.

19. ACUITY defended subject to a reservation of rights because the accident giving rise to the Litigation arose out of the use of mobile equipment and was an excluded cause of loss as well as other defenses as set forth in the policy.

20. Steadfast has refused to defend or indemnify the parties to the Litigation pursuant to the Steadfast Policy. Steadfast first declined to defend the parties by letter dated January 23, 2014.

21. ACUITY requested Steadfast to defend and indemnify the parties or otherwise contribute to defense costs on several occasions. ACUITY made demand on Steadfast on December 1, 2015, August 1, 2016, and February 8, 2017.

22. ACUITY filed a Motion for Summary Judgment Regarding Policy Language and Exclusions in the Litigation arguing, in part, that the accident arose out of the use of mobile equipment and thus was excluded under the terms of the ACUITY Policy. *See* Motion for Summary Judgment Regarding Policy Exclusions, Case No. D-101-CV-2013-01720, filed July 29, 2016.

23. The Court ruled that a genuine issue of material fact existed as to whether the accident arose out of the use of mobile equipment and the Court denied ACUITY's Motion for Summary Judgment. *See* Case No. D-101-CV-2013-01720, filed September 23, 2016.

24. On October 25, 2016, the jury in the Litigation returned a Defense verdict finding no liability against Devon.

25. ACUITY paid defense costs exceeding $734,449.49 for the Litigation.

### COUNT I – DECLARATORY JUDGMENT

26. ACUITY incorporates the allegations of Paragraphs 1 through 25 of the Complaint, as if fully set forth herein.

27. ACUITY accepted the tender subject to a reservation of rights and provided a defense. Under the applicable policy language, Steadfast should have contributed to the defense as well but refused to so.

28. By reason of the foregoing and as required by 28 U.S.C. § 2201, there now exists an actual justiciable controversy between ACUITY and Steadfast concerning whether Steadfast had a duty to defend and must contribute a pro rata share of defense costs paid by ACUITY.

29. Consequently, this Court is vested with the power to declare and adjudicate the rights and legal relationship of ACUITY and Steadfast with respect to the issues raised by this Complaint.

### COUNT II – EQUITABLE CONTRIBUTION/SUBROGATION

30. ACUITY incorporates the allegations of Paragraphs 1 through 29 of the Complaint, as if fully set forth herein.

31. ACUITY paid defense costs for the Litigation.

32. Steadfast failed to pay an equitable proportion of costs to defend and indemnify the parties in the Litigation and refused to contribute any sums for the benefit of the parties mutual insured.

33. ACUITY is entitled to a reduction/reimbursement of payment for costs to defend the parties in an amount limited to ACUITY's fair and equitable proportion of such defense and indemnification.

WHEREFORE, Plaintiff ACUITY, a Mutual Insurance Company, respectfully requests this Court to declare the rights and obligations of the parties hereto in accordance with ACUITY's contentions herein; specifically, finding:

(1) That the Steadfast Policy imposed upon Steadfast the duty to equitably contribute for the defense costs of Devon in the Litigation following Battle's tender to its insurers ACUITY and Steadfast;

(2) That under the facts of the case Steadfast has a duty to equitably contribute to defense costs paid by ACUITY for the benefit of its mutual insured Battle in an amount according to the proof at trial;

(3) Awarding ACUITY such other and further relief, including its costs, as this Court deems just and proper.

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By: _/s/ Jennifer A. Noya_
 Jennifer A. Noya
 Sonya R. Burke
 500 Fourth Street NW, Suite 1000
 P.O. Box 2168
 Albuquerque, New Mexico  87103-2168
 Telephone: 505.848.1800
 Facsimile: 505.848.1899

*Attorneys for ACUITY*

Y:\dox\client\86626\0001\DRAFTS\W2889425.DOCX